## FOWLER v. FOWLER.

---

EQUITY; DISCOVERY AND ACCOUNTING; LACHES.

1. Mere delay in bringing a suit in equity for a discovery and an accounting

is not in itself sufficient to show laches, but the complainant must furnish a satisfactory and convincing reason for the delay.

2. A bill in equity for discovery and accounting, by one of thirteen children against his mother as administratrix of his father's estate and guardian of the children, filed thirty years after the complainant became of age, is properly dismissed for laches, where, while it alleges that the complainant's father left real and personal property, and that his mother, on his arriving of age, in reply to his demand for an accounting, falsely stated that no part of the estate remained, and that the complainant relied upon such statement, and did not discover its falsity until shortly prior to the commencement of the suit, when he was called upon to execute a quitclaim deed of part of the property, it fails to show that, after becoming of age, complainant attempted to inform himself of the condition of his father's estate, or that his mother was guilty of any concealment of facts concerning the condition of the estate.

No. 2382. Submitted March 8, 1912. Decided April 1, 1912.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sitting as an equity court, dismissing a bill of complaint for a discovery and an accounting. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Marion M. Fowler, plaintiff below, appeals from a decree of the supreme court of the District of Columbia dismissing his bill of complaint upon demurrer.

The bill alleges that one James I. Fowler died intestate on August 11, 1873, leaving as next of kin and heirs at law the defendant Susannah Fowler, his widow, and thirteen children, all of whom were then residents of the District of Columbia; that the deceased possessed personal estate of the value of $749, and was seised of certain real estate described in the bill as located in the District of Columbia and the State of Maryland.

Defendant was appointed administratrix of her husband's estate on September 2, 1873, and was also appointed guardian of the minor children. Her final account as administratrix, filed on November 24, 1874, showed an indebtedness to her

of $707.36. On the same day she filed an account as guardian, which showed that she had collected rents from the real estate to the sum of $1,088, and claimed credits for $1,434.08, no further account as guardian having ever been filed. The bill further alleges that defendant paid various sums of money by way of expenses or otherwise to the heirs at law of the deceased; that plaintiff was twelve years of age at the time of the death of his father, and that the entire sum received from the estate by plaintiff amounted to $125 in cash.

It is also alleged that advancements of large sums of money, the amount of which is unknown to plaintiff, were made from time to time to the other heirs, and that, upon arriving at his majority, plaintiff asked defendant to make an accounting of the property belonging to the estate, to which defendant replied that the estate had been spent and no part of it remained. Plaintiff alleges that said statement was untrue; that defendant had received large sums of money from the estate and used it on her own account, which money and property should have been distributed to the next of kin and heirs at law of the deceased. Plaintiff alleges that he relied upon the statement of defendant, and did not discover its falsity until shortly prior to the institution of this suit, when he was called upon to execute a quitclaim deed to part of the property, and that he is unable to ascertain the amounts received by defendant belonging to the estate, except by discovery from defendant herself. The bill sets forth a demand upon the defendant for an accounting, and that plaintiff is remediless, save in a court of equity. He alleges that under the foregoing facts he is entitled to have discovery, an accounting, and a distribution made to the parties entitled thereto, under the direction of the court.

Mr. *John A. Thompson* and Mr. *Andrew Wilson* for the appellant.

Mr. *George C. Gertman* and Mr. *John Ridout* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The demurrer to the bill was general, and the matters of law urged thereon were that plaintiff had been guilty of laches, and that the bill, on its face, disclosed plaintiff to have a full, complete, and adequate remedy at law. We think the appeal can be disposed of on the first proposition. It appears that plaintiff became of age thirty years ago. At that time he knew, or had the facilities of knowing, that his father died in possession of real estate. A statement of a collection of rents by his mother, and her report as guardian of the minor children, was a matter of public record. With this information available, further investigation and inquiry would have disclosed the fact that his father died seised of real estate, the title to which was a matter of public record.

Mere delay in bringing an action of this kind is not of itself sufficient to establish laches, but one so seeking relief must furnish a satisfactory and convincing reason for the delay. As stated in *Badger* v. *Badger,* 2 Wall. 87, 17 L. ed. 836: " 'The party who makes such appeal should set forth in his bill specifically what were the impediments to an earlier prosecution of his claim; how he came to be so long ignorant of his rights, and the means used by the respondent to fraudulently keep him in ignorance; and how and when he first came to a knowledge of the matters alleged in his bill; otherwise the chancellor may justly refuse to consider his case, on his own showing, without inquiring whether there is a demurrer or formal plea of the statute of limitations contained in the answer.' The bill in this case is entirely defective in all these respects. It is true there is a general allegation that the 'fraudulent acts were unknown to complainant until within five years past,' while the statement of his case shows clearly that he must have known, or could have known, if he had chosen to inquire at any time within the last thirty years of his life, every fact alleged in his bill."

The inquiry plaintiff alleges to have made of his mother regarding the status of the estate of itself betrays knowledge of

the existence of an estate, which was sufficient to put him upon inquiry, instead of sleeping upon his rights for thirty years. The mother, however, may well have referred to the personal property, the only estate which came into her control as administratrix. If so, according to the bill, it had been exhausted long before plaintiff became of age, and from his own statement he received much more than his proportionate share of the personal estate.

Conceding that plaintiff was not affected by laches until he became of age, it then became incumbent upon him to exercise diligence. It was his duty to inform himself of the condition of his father's estate. It is hardly possible that he, through his association with his brothers and sisters, three of whom were of age at the time of the death of the father, could have been ignorant of the fact that his father left real estate, if such was the fact. In *Wetzel* v. *Minnesota R. Transfer Co.* 169 U. S. 237, 42 L. ed. 730, 18 Sup. Ct. Rep. 307, the court, speaking of a complainant who ought to have informed himself of the situation, but delayed asserting his rights for a period of thirty years, said: "If the complainant may put forward these excuses for delay after thirty years, there is no reason why they may not allege the same as an excuse after a lapse of sixty. The truth is, there must be some limit of time within which these excuses shall be available, or titles might forever be insecure. The interests of public order and tranquillity demand that parties shall acquaint themselves with their rights within a reasonable time, and although this time may be extended by their actual ignorance, or want of means, it is by no means illimitable."

The only charge of fraud is contained in the alleged statement of the mother in answer to plaintiff's inquiry in regard to the status of the estate. There does not appear to have been any concealment of fact or mistake or misrepresentation of the records showing the condition of the estate. We find nothing to relieve the plaintiff from the imputation of neglect which amounts to laches in asserting his alleged rights.

The decree is affirmed, with costs, and it is so ordered.

*Affirmed.*